**KENTUCKY BAR ASSOCIATION, Petitioner,**

v.

**Ray H. BAILIFF, Jr., Respondent.**

**No. 90–SC–389–KB.**

Supreme Court of Kentucky.

Sept. 6, 1990.

## OPINION AND ORDER

This case coming on to be heard on the motion of petitioner, Kentucky Bar Association, to prohibit respondent, Ray H. Bailiff, Jr., from engaging in the practice of law, and it appearing to the court that certain charges are presently pending against respondent, as follows:

1. Respondent failed to timely settle an estate entrusted to him in mid–1984, said estate remaining open to date;

2. Respondent made improper use of funds in his trust account;

3. Respondent misrepresented to a trial commissioner that an estate had been settled when, in fact, it remained open nearly a year after the trial commissioner had relied upon said misrepresentation in rendering his findings.

The Kentucky Bar Association having recommended that respondent be prohibited from engaging in the practice of law, IT IS HEREBY ORDERED:

1. Respondent shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his license to practice law.

2. Respondent shall not file an application for reinstatement for a period of five (5) years from the date the court enters this order. The respondent shall not file an application for reinstatement following the five (5) year period unless he presents evidence that he has satisfactorily resolved all issues chronicled hereinabove.

3. Any application for reinstatement filed by respondent shall be governed by SCR 3.520, reinstatement in cases of disbarment, or any subsequent amendment to SCR 3.520.

4. All charges issued by the Inquiry Tribunal and all disciplinary proceedings pending against respondent shall be terminated, with the costs to be paid by respondent in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Respondent shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Respondent shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

So much of this proceeding as contained in this order shall constitute public record.

All concur except LAMBERT, J., who did not sit.